**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROSA GENAO (D-9).

    Defendant.

_____/

Case No. 09-20221

HONORABLE DENISE PAGE HOOD

**ORDER DENYING MOTION FOR BOND PENDING APPEAL AND**
**EXTENDING SURRENDER DATE**

On August 27, 2010, after a trial was held, the jury returned a verdict of guilty for all counts against Defendant Rosa Genao: Conspiracy to Commit Medicare Fraud, 18 U.S.C. § 1349 (Count 1); Health Care Fraud, 18 U.S.C. § 1347 and Aiding and Abetting, 18 U.S.C. § 2 (Counts 2-6); and Destruction or Alteration of Records, 18 U.S.C. § 1519 and Aiding and Abetting, 18 U.S.C. § 2 (Count 9). On March 3, 2011, Genao was sentenced to a total term of 97 months on each count, to run concurrently and 2 years of supervised release on each count, to run concurrently. At sentencing, the Court continued Genao's bond pending the Bureau of Prison's designation of Genao's place of imprisonment. The Judgment was entered on March 21, 2011. (Doc. # 242)

Genao filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit on March 16, 2011. On April 4, 2011, Genao filed the instant motion for bond pending appeal. Genao also filed a Motion to Extend Surrender Date on April 25, 2011. The Government filed a response opposing the motion to extend the surrender date.

A motion for detention pending appeal is governed by 18 U.S.C. § 3143(b):

Release or detention pending appeal by defendant:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. 3143(b) (emphasis added).

At the sentencing hearing, the Court allowed Genao to remain on bond pending designation of the place of imprisonment, finding that she was not likely to flee. The Court continues to so find. However, based on the evidence presented by the Government at trial and the jury's finding of guilt on the charges against Genao, the Court is not convinced that Genao's appeal raises a substantial question of law or fact that will likely result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence. Genao's appeal regarding the Court's finding that her Sixth Amendment right to effective, "conflict free", assistance of counsel was

violated, and the Court's denial of her request to suppress pre-indictment statements, were addressed in an Order issued by the Court dated August 10, 2010. (Doc. No. 193) The Court found that Genao's right to counsel had not attached since no charges against her were pending at that time, therefore her statements could not be suppressed. The Court also addressed Genao's evidentiary argument regarding other clinics in Florida in an Order issued by the Court dated March 9, 2011. (Doc. No. 237) As to the sentencing issues, the Court placed on the record its findings regarding the sentencing guidelines and the sentence the Court issued during the sentencing hearing. Based on the Court's written Orders and reasons stated on the record, the Court finds that Genao's appeal does not raise substantial issues of law or fact. Although the Court finds Genao will not likely flee pending the appeal, the Court is unable to find that the appeal raises a substantial question of law or fact.[1]

Accordingly,

IT IS ORDERED that Defendant Genao's Motion for Bond Pending Appeal **[Doc. No. 245]** and Motion to Extend Surrender Date **[Doc. No. 252]** are DENIED.

                                              s/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: May 4, 2011

---

[1] The Federal Rules of Appellate Procedure, Rule 9, provides that if a party seeks release after judgment of conviction has been entered and a notice of appeal from the judgment of conviction has been filed, a party may file a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Fed. R. App. P. 9(b).

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 4, 2011, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager